UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HOLLIE T. NOVELETSKY et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Docket no. 2:12-cv-00021-NT |
| METROPOLITAN LIFE | ) |
| INSURANCE COMPANY, INC. et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT OF CONFERENCE OF COUNSEL
AND SCHEDULING ORDER**

On Thursday, October 10, 2013 at 10:00 a.m. the Court held a scheduling conference to address outstanding motions for summary judgment proposed by the Plaintiffs and by Defendants Metropolitan Life Insurance Company ("MetLife") and Francine Temkin as well as an additional proposed motion for summary judgment by Defendant Alan Silverman.

| | |
|---|---|
| Presiding: | Nancy Torresen, United States District Judge |
| For Plaintiffs: | Sigmund D. Schutz, Esq. |
| | John J. Cronan, III, Esq. |
| For Defendant: | John S. Whitman, Esq. (on behalf of Alan Silverman) |
| | Phillip S. Bixby, Esq. |
| | Jonathan M. Dunitz, Esq.  (on behalf of Francine Temkin) |
| | Daniel R. Mawhinney Esq. |
| | Elizabeth G. Knox Peck, Esq. (on behalf of MetLife) |

1. **Basis for Proposed Summary Judgment Motions**: In 2001, Plaintiff Hollie Noveletsky purchased a $5 million whole life insurance policy from MetLife through Alan Silverman. She placed the policy into an irrevocable life insurance trust ("**ILIT**") and named Francine Temkin as trustee. Her son, Plaintiff Joshua Rosenthal, is the beneficiary of the trust. Plaintiff Thomas Heaney is the ILIT's current trustee. The Plaintiffs claim that the policy was inappropriate for Ms.

Noveletsky's needs. There are a number of liability and damages issues that both sides believe may be resolved as a matter of law on summary judgment.

The parties have also indicated that they may file *Daubert* motions that impact their positions on summary judgment.

2. **Legal Issues**: The Plaintiffs have agreed to review the claims stated in the operative complaint and, within two weeks of the date of this conference, they will file a document with the Court indicating which claims each Plaintiff intends to press against which Defendant(s).

3. **Estimated Memorandum Length**: The Defendants have agreed to confer following submission of the Plaintiffs' document outlining their remaining claims and to let the Court know the estimated page length of their proposed summary judgment memoranda. If necessary, the Court will issue a subsequent order setting memorandum page limits.

For the anticipated *Daubert* motions, the parties are all limited to 25-page memoranda; opposing memoranda shall also be no longer than 25 pages; and reply memoranda, if any, shall not exceed seven pages.

4. **Estimated Factual Statement Length**: The Court has not required an estimated length of the parties' factual statements, but has requested that the parties' reply statement of material facts contain the complete outlay of original facts, responses to original facts, additional facts, and responses to additional facts. The Defendants have also agreed to work together consolidate their original factual statements into one document.

5. **Estimated Record**: The parties have agreed not to refile any record documents already properly before the Court, but to refer by ECF document and page number to any such record materials. The Court has not imposed limits on the filing of additional record materials, and has agreed to allow the parties to submit complete deposition transcripts.

Following further discussion, I **ORDERED** that:

1. No later than **Thursday, October 24, 2013**, the Plaintiffs shall file a document outlining which claims each Plaintiff intends to press against which Defendant(s).

2. The Defendants shall file their motions for summary judgment and consolidated statement of material facts, and all parties shall file any *Daubert* motions, no later than **Friday, December 6, 2013**.

3. The Plaintiffs shall file their briefs opposing summary judgment combined with their cross-motions for summary judgment no later than **Friday, December 27, 2013**.

4. The parties shall file their oppositions to the other side's *Daubert* briefs no later than **Monday, January 6, 2014**.

5. The Defendants shall file their replies in support of summary judgment combined with their oppositions to the Plaintiffs' motions for summary judgment no later than **Friday, January 17, 2014**.

6. The parties shall file their replies in favor of their Daubert motions, if any, no later than **Tuesday, January 21, 2014**.

7. The Plaintiffs shall file their replies in support of their own motions for summary judgment, if any, no later than **Friday, January 31, 2014**.

3. All other scheduling order deadlines remain ***STAYED*** pending the disposition of the anticipated summary judgment motion.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 10th day of October, 2013.

3