# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| HOLLIE T. NOVELETSKY et al., <br><br> Plaintiffs, <br> v. <br><br> METROPOLITAN LIFE <br> INSURANCE COMPANY, INC. et al., <br><br> Defendants. | Docket no. 2:12-cv-021-NT |

### ORDER ON PLAINTIFFS' MOTIONS TO SUBSTITUTE
### EXPERT WITNESS AND FOR ENLARGEMENT OF TIME

This case comes before the Court on Plaintiffs Hollie T. Noveletsky, Thomas Heaney and Joshua W. Rosenthal ("**Plaintiffs**") motion to substitute one of their expert witnesses, Lawrence Wood (ECF No. 162), and on the Plaintiffs' related motion to extend the *Daubert* motion deadlines related to the substituted expert (ECF No. 168).

No one disputes that in late October of 2013, Mr. Wood withdrew his services from this case citing a new job and a conflict of interest, and that this withdrawal was beyond the Plaintiffs' control. Likewise, no one disputes that the Plaintiffs expeditiously filed a motion to substitute a new expert in Mr. Wood's place. Rather, the Defendants object to the motion to substitute on the basis that Mr. Wood's testimony, which deals with a portion of the Plaintiffs' damages analysis, was rendered irrelevant by the Court's June 14, 2013 order. Because Mr. Wood's testimony would have been irrelevant, the Defendants argue, no purpose would be served in allowing the Plaintiffs to substitute another expert in his place.

This argument invites the Court to judge the merits of the Defendants' *Daubert* motions against Mr. Wood before they have been fully briefed. The Plaintiffs have good cause to request a substitution of Mr. Wood, and the Court perceives no unfair prejudice to the Defendants in allowing the substitution. See Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order may only be modified for "good cause.")

The Defendants also object to the possibility of the newly-designated expert straying from the grounds on which Mr. Wood testified. As a practical matter, it would be impossible to obtain an expert who agrees solely to serve as a mouthpiece for another expert's views—or if it were possible to find such an expert, the credibility of such an expert might easily be undermined. But the subject-matter of Mr. Wood's testimony is presumably well-documented, and the Court will not be tolerant of any enlargement upon the *specific* topics about which Mr. Wood has opined.

Since the Court grants the Plaintiffs' motion for substitution, it also grants the Plaintiffs' motion for enlargement of the *Daubert* deadlines related to Mr. Wood and his soon-to-be-designated successor. The parties are directed to meet and confer to attempt to reach agreement on proposed amendments to the scheduling order consistent with the foregoing and to file with the Court, no later than **Monday,**

**December 9, 2013**, either a joint motion to adopt the same or, absent agreement, separate motions attaching separate proposed amendments to the scheduling order.

**SO ORDERED**.

/s/ Nancy Torresen
United States District Judge

Dated this 4th day of December, 2013.